**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MICHAEL E BOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF TREASURY, et al.,<br><br>    Defendants. | Case No. 15-cv-03494-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF 35, 40, 42, 45] |

This action arises out of foreclosure proceedings initiated after Plaintiff Michael Boyd ("Boyd") defaulted on two loans secured by two properties, one in Soquel, California and one in Sunnyvale, California. Pending before the Court are motions to dismiss by Defendants Jerry Brown ("Brown"), Michael Cohen ("Cohen"), Kamala Harris ("Harris"), Betty Yee ("Yee"), United States Department of Treasury ("DOT") and Jack Lew ("Lew"). For the reasons stated herein, the Court GRANTS each motion to dismiss with leave to amend.

**I.    BACKGROUND**

On December 22, 2006, Boyd obtained a loan secured by a mortgage on a property located on Lakebird Drive in Sunnyvale, California ("Lakebird Loan"). Compl. ¶ 9. Nearly one month

later, Boyd obtained a second loan secured by a property located on Soquel Drive in Soquel, California ("Soquel Loan"). *Id*.

At some point thereafter, Boyd defaulted on the Lakebird and Soquel Loans. Compl. ¶ 10. The Lakebird Loan was referred to foreclosure on August 9, 2011 and a notice of default was recorded on September 14, 2011. *Id*. The Soquel Loan was referred to foreclosure on February 9, 2011 and on a notice of default was recorded on March 1, 2011. *Id*.

In December 2011, Boyd filed for chapter 13 bankruptcy. Compl. ¶ 11. The Bankruptcy Court confirmed his chapter 13 plan on May 14, 2014. Compl. ¶ 12.

After his bankruptcy, Boyd filed an administrative tort "class claim," which was received by the U.S. Department of Treasury on January 28, 2015. Compl. ¶ 13. His tort claim asserts a claim for relief against the Department of Treasury "because [his] house in Soquel CA and Duplex in Sunnyvale CA are being taken by GMAC, AKA ResCap. AKA 74% Owned by Treasury Department through TARP and [he is] making payments for property the government defrauded of." Comp. ¶ 14.

During this time period, the United States and forty-nine states sued several mortgage loan servicers in the U.S. District Court for the District of Columbia in March 2012. Exh. to Compl. at 93, ECF 1-1. That complaint alleged that the mortgage loan servicers had engaged in unlawful practices. *Id*. That lawsuit was resolved through a settlement agreement known as the "National Mortgage Settlement." *Id*. Pursuant to this settlement, the mortgage loan servicers agreed to pay approximately $5 billion and institute various reforms. *Id*. at 94. The State of California received approximately $410 million from the settlement and placed its share of the settlement funds into the National Mortgage Special Deposit Fund. *Id*. at 94, 97.

In 2014, some community groups filed a petition for writ of mandate in the Sacramento County Superior Court alleging that California's portion of the settlement had been improperly diverted from the Special Deposit Fund and used for purposes not allowed by the terms of the consent judgment. *Id*. at 99. The Sacramento Court agreed and found that approximately $331 million had been unlawfully diverted from the Special Deposit Fund to the State of California's General Fund. *Id*. at 116.

On July 29, 2015, Boyd filed the instant action against United States Department of the Treasury, Treasury Secretary Jack Lew, Governor Edmund G. Brown, Jr., Attorney General Kamala D. Harris, Michael Cohen, Director, Department of Finance, Betty Yee, Controller, GMAC Mortgage LLC, and Mortgage Electronic Registration Systems.  On August 3, 2015, Boyd voluntarily dismissed GMAC Mortgage LLC and Mortgage Electronic Registration Systems. ECF 3.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges whether a court has subject matter jurisdiction to hear the action. In deciding a Rule 12(b)(1) motion, the court is not restricted to the pleadings, but can also "review any evidence, such as affidavits and testimony, to resolve factual disputes regarding the evidence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Once subject matter jurisdiction is challenged, the party opposing the motion bears the burden of establishing jurisdiction. *See, e.g.*, *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.2d 1115, 1122 (9th Cir. 2010).

### B.   Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of his claim. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). In interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court has held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not ask a plaintiff to plead facts that suggest he will probably prevail, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). The Court must "accept factual allegations in the complaint as true and construe the pleadings in

the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519, F.3d 1025, 1031 (9th Cir. 2008).

### III. DISCUSSION[1]

#### A. Yee's Motion to Dismiss

Plaintiff Boyd alleges two claims against Controller Betty Yee. The second cause of action claims "Gross Negligence" and "Willful Misconduct." Compl. ¶¶ 39-41, ECF 1. The fourth cause of action claims a violation of 42 U.S.C. § 1983. Compl. ¶¶ 48-49. Yee seeks to dismiss Boyd's complaint because he lacks Article III standing, the claims are barred by the Eleventh Amendment, the Controller is not a person for purposes of § 1983, and the Controller is entitled to qualified immunity. Mot. 3, ECF 42. Boyd mentions Yee only once in his factual allegations and alleges that:

> On July 7, 2015 the Superior Court of the State of California for the County of Sacramento issued its Judgment in which "The Court declares that $331,044,084 in offsets were unlawfully diverted from the National Mortgage Special Deposit Fund to the General Fund…The Court enjoins the State of California to restore/return $331,044,084 to the National Mortgage Special Deposit Fund as soon as there is a sufficient appropriation reasonably and generally available for such purpose… The Court reserves jurisdiction to issue a peremptory writ of 21 mandate compelling Respondents Governor Edmund Gerald "Jerry" Brown Jr., Director of Finance Michael Cohen, and Controller Betty Yee to restore refund the unlawfully diverted funds from any appropriation that is determined to be reasonably and generally available for payment of the obligation."

Compl. ¶ 23.

The Court agrees with Yee and finds Boyd has not sufficiently alleged Article III standing. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (An injury for Article III standing purposes must be "actual or imminent, not conjectural or hypothetical."). Based on Boyd's complaint and his argument at the hearing, he appears to be claiming an injury based on the $331 million that was wrongly deposited into the general fund instead of the National

---

[1] Boyd submitted multiple requests for judicial notice. ECF 33, 49, 61. The Court did not rely on any of these documents in deciding this motion and accordingly, the Court DENIES AS MOOT Boyd's requests for judicial notice.

4

Mortgage Special Deposit Fund.  What Boyd overlooks is that any injury to him would require significant speculation as to how those funds would be used had they not been transferred.  For example, California may have used that money to educate homeowners on foreclosure as opposed to specifically aiding borrowers in foreclosure who had undergone chapter 13 bankruptcy.  As a result, Boyd has not sufficiently alleged that he an interest in those funds.

Second, Boyd sued Yee in her official capacity and the Eleventh Amendment prohibits lawsuits against state officials sued in their official capacity.  *See, e.g.*, *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (quotations omitted).  Boyd has not alleged that any exception to Eleventh Amendment immunity applies in this case.

Third, Boyd has not sufficiently alleged Yee is a "person" under § 1983.  A § 1983 claim for damages is not cognizable against the state, arms of the state, or state officials sued in their official capacities. Such parties are not "persons" under § 1983 and cannot be held liable for money damages under § 1983. *See Thornton v. Brown*, 757 F.3d 834, 839 (9th Cir.2013).  "Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office…As such, it is no different from a suit against the State itself …We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (internal citations and footnotes omitted).  As a result, Yee may not be sued for money damages.  However, injunctive relief may be sought against state actors.  *See Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 871 (9th Cir. 2001).  As a result, any claims against Yee for money damages are dismissed.

Fourth, to the extent Boyd is seeking to bring state law claims against a California public entity, he has not alleged compliance with the California Tort Claims Act.  *See, e.g.*, *Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009).

Accordingly, the Court GRANTS Yee's motion to dismiss.

B.  **Harris's Motion to Dismiss**

Attorney General Kamala Harris is named in the second claim for "Gross Negligence" and "Willful Misconduct" and fourth claim for a violation of § 1983.  Compl. ¶¶ 39-41, 48-49, ECF 1.

1  She moves to dismiss Boyd's complaint for several different reasons. Notice of Motion, ECF 40. The Court addresses Harris's first and second reasons together. Harris seeks to dismiss Boyd's second claim for relief for "Gross Negligence" and "Willful Misconduct" and fourth claim for relief brought under 42 U.S.C. § 1983 because Boyd has not alleged any facts indicating a case or controversy exists between himself and her. Mot. 4-5, ECF 41. After reviewing the complaint, Boyd has not alleged any specific facts with respect to Harris. Therefore, Boyd has not alleged a case or controversy exists as to Harris.

Second, Harris argues that the Eleventh Amendment precludes Boyd's § 1983 claim. Mot. 5, ECF 41. "For sovereign immunity purposes, we treat [suits] against state officials in their official capacities as a suit against the state of California. The Eleventh Amendment bars such a suit unless Congress has abrogated state sovereign immunity under its power to enforce the Fourteenth Amendment or a state has waived it." *Holley v. California Department of Corrections*, 599 F.3d 1108, 1111 (9th Cir. 2010). Congress has not abrogated Eleventh Amendment immunity for § 1983 claims. *See, e.g. Will*, 491 U.S. at 66. By asserting an Eleventh Amendment immunity argument, Harris has also not waived immunity with respect to the § 1983 claim. Finally, Boyd has not argued that any exception to Eleventh Amendment immunity applies in this case. *See Edelman v. Jordan*, 416 U.S. 651, 663 (1974).

Next, to the extent Boyd is seeking to bring state law claims against Harris, he has not alleged compliance with the California Tort Claims Act. *See, e.g.*, *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1239 (2004).

Accordingly, the Court GRANTS Harris's motion to dismiss all of the claims asserted against her.

### C. Brown's and Cohen's Motion to Dismiss

Governor Jerry Brown and Director of Finance Michael Cohen are also named in the second and fourth claims. Compl. ¶¶ 39-41, 48-49, ECF 1. They seek to dismiss this action against them on the basis of Eleventh Amendment immunity. Mot., ECF 36. "For sovereign immunity purposes, we treat [suits] against state officials in their official capacities as a suit against the state of California. The Eleventh Amendment bars such a suit unless Congress has

1   abrogated state sovereign immunity under its power to enforce the Fourteenth Amendment or a
2   state has waived it." *Holley*, 599 F.3d at 1111.
3        As it pertains to this action, Congress has not abrogated Eleventh Amendment immunity
4   for § 1983 claims. *See, e.g. Will*, 491 U.S. at 66.  By asserting an Eleventh Amendment immunity
5   argument, Mot. 3-5, ECF 36, the State of California has also not waived immunity with respect to
6   the § 1983 claim.  Finally, Boyd has not argued that any exception to Eleventh Amendment
7   immunity applies in this case and based on the complaint, it appears Boyd is seeking monetary
8   relief which would not fall within any exception. *See Edelman*, 416 U.S. at 663.
9        As to Boyd's state law claims for willful misconduct and gross negligence, Boyd has not
10  alleged compliance with the California Tort Claims Act. *Shirk v. Vista Unified Sch. Dist.*, 42
11  Cal.4th 201, 208 (2007).  Moreover, although Boyd's factual allegations with respect to Brown
12  and Cohen are vague and difficult to under, it does not appear there are any allegations that Brown
13  and Cohen owed a duty to Boyd or that they acted willfully.  Accordingly, the Court GRANTS
14  Brown and Cohen's motion to dismiss.

### D.   Department of Treasury and Lew's Motion to Dismiss

16  The Department of Treasury and Secretary of Treasury Jack Lew ("Federal Defendants")
17  are named in the second and fourth causes of action. Compl. ¶¶ 39-41, 48-49, ECF 1.  They move
18  to dismiss this action because the United States has not waived sovereign immunity. Mot. 4-7,
19  ECF 45.  First, in a tort action relating to acts by federal employees, the proper defendant is the
20  United States and not a government agency or official. *See, e.g. Colony First Fed. Sav. & Loan*
21  *Ass'n v. Fed. Sav. & Loan Ins. Corp.*, 643 F. Supp. 410, 416 (C.D. Cal. 1986).  Since Boyd has not
22  named the proper federal defendant, his complaint must be dismissed as to the Federal Defendants.
23       Moreover, Boyd appears to be seeking redress for torts committed by GMAC.  Contrary to
24  Boyd's belief, the Department of Treasury's stock did not make the federal government liable for
25  alleged torts committed by GMAC. *See, e.g.*, 12 U.S.C. §§ 5201, 5211 (explaining that the
26  purpose of TARP was to help restore liquidity and stability to the financial system, not to take
27  control of financial institutions).  Boyd, other than alleging that the government was involved with
28  GMAC through TARP, fails to allege any facts regarding how the government is responsible for

7

the foreclosure on his house.

As to Boyd's § 1983 claims, parties may not rely on § 1983 to bring claims against the federal government or its officers or employees. *Russell v. U.S. Dep't of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999).

Finally, Boyd's claims appear to be time barred. Tort claims against the United States must be presented to the appropriate federal agency within two years of the claim accruing. The two year period begins when the plaintiff knows, or should have known with reasonable diligence that facts necessary to establish the injury. *Hensley v. U.S.* 531 F.3d 1052, 1056 (9th Cir. 2008). Here, Boyd alleges that he did not learn of the Treasury Department's involvement in GMAC until a 2013 Special Inspector General's report. Compl. ¶ 14. However, that report, which describes the Treasury Department's bailout of GMAC with TARP funds, cites several public sources dated from 2009 to 2012. *See, e.g.* Report at 9, 10, 18-21, available at http://www.sigtarp.gov/Audit%20Reports/Taxpayers_GMAC.pdf. Boyd's property was also foreclosed upon in 2011 and he filed a lawsuit against GMAC in October 2011 as a result of that foreclosure. Boyd has not sufficiently alleged why he, with reasonable diligence, could not have discovered the Treasury Department's involvement with GMAC back in 2009, 2010 or 2011 when he filed a lawsuit against GMAC. As alleged, Boyd's claims appear to have accrued when his properties were forelclosed upon in 2011. Since he did not make his claims against the government until 2015, his claims are to be time-barred. Since Boyd may not assert a § 1983 claim against the Federal Defendants, his § 1983 claim is dismissed without leave to amend. His remaining claim against the Federal Defendants for gross negligence and willful misconduct is dismissed with leave to amend.

### E. Leave to Amend

Boyd is proceeding *pro se* and the Court is mindful that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this liberal standard does not absolve Boyd's responsibility to plead with specificity allegations against each of the named Defendants. In the absence of any specific allegations the Court is unable to determine whether Boyd may state a viable claim. It is not the Court's obligation to "shoulder the full burden of fashioning a viable complaint for a pro se

8

plaintiff." *Simon v. Shawnee Corr. Ctr.*, Case No. 13–521–GPM, 2013 WL 3463595, at *1 (S.D.Ill. July 9, 2013). Because the complaint contains many conclusory assertions and lacks factual detail, the Court cannot determine whether Boyd can sufficiently allege any claim. Accordingly, the Court will give Boyd one attempt to plead specific allegations as to each of the Defendants consistent with the Court's comments above. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Although the Court is giving Boyd leave to amend, Boyd may not add new causes of actions or parties without leave of Court.

Finally, at the hearing, Boyd appeared to clarify that he is seeking to enforce a consent decree entered into between the United States and forty-nine states and several mortgage loan servicers in the U.S. District Court for the District of Columbia. The Court notes that several courts have held that an individual plaintiff does not have standing to enforce the National Mortgage Settlement consent judgment. *See, e.g.*, *Lawrence v. Wells Fargo Bank, N.A.*, Case No. 14-cv-1272-PJH, 2014 WL 2705425, at *6 (N.D. Cal. June 13, 2014) ("Numerous courts have held that individual borrowers are merely incidental beneficiaries of the National Mortgage Settlement, and so have no right to bring third-party suits to enforce the consent judgment.") (collecting cases).

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Yee's motion to dismiss is GRANTED with leave to amend.
2. Harris' motion to dismiss is GRANTED with leave to amend.
3. Brown and Cohen's motion to dismiss is GRANTED with leave to amend.
4. The Department of Treasury and Lew's motion to dismiss is GRANTED with partial leave to amend. Specifically, the Court dismisses Boyd's § 1983 claim without leave to amend and dismisses Boyd's gross negligence and willful misconduct claim with leave to amend.

Any amended complaint is due **on or before September 16, 2016.** No new causes of

action or parties may be added without leave of Court except that Boyd may substitute the United States as a defendant in place of the Department of Treasury and Lew if he can properly allege sufficient facts to support a valid claim against the United States including timeliness under the Federal Tort Claims Act. Failure to meet the September 16, 2016 deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of all of Boyd's claims in this action.

Boyd may wish to contact the Federal Pro Se Program, a free program that offers limited legal services and advice to parties who are representing themselves. The Federal Pro Se Program has offices in two locations, listed below. Help is provided by appointment and on a drop-in basis. Parties may make appointments by calling the program's staff attorney, Mr. Kevin Knestrick, at 408-297-1480. Additional information regarding the Federal Pro Se Program is available at http://cand.uscourts.gov/helpcentersj.

| Federal Pro Se Program | Federal Pro Se Program |
| --- | --- |
| United States Courthouse | The Law Foundation of Silicon Valley |
| 280 South 1st Street | 152 North 3rd Street |
| 2nd Floor, Room 2070 | 3rd Floor |
| San Jose, CA 95113 | San Jose, CA 95112 |
| Monday to Thursday 1:00 pm – 4:00 pm | Monday to Thursday 9:00 am – 12:00 pm |
| Fridays by appointment only | Fridays by appointment only |

**IT IS SO ORDERED.**

Dated: August 15, 2016

_____
BETH LABSON FREEMAN
United States District Judge