UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL E BOYD,

    Plaintiff,

    v.

UNITED STATES DEPARTMENT OF TREASURY, et al.,

    Defendants.

Case No. 15-cv-03494-BLF

**ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT**

On August 15, 2016, this Court granted Defendants' motions to dismiss all claims with leave to amend. ECF 76. The Court ordered Plaintiff to amend his complaint by September 16, 2016. *Id.* The Court indicated that no new causes of action or parties may be added without leave except that Plaintiff may substitute the United States in place of the Department of Treasury and Jack Lew as a defendant assuming that there are sufficient facts to support a valid claim. *Id.* On August 26, 2016, the Court granted parties' stipulation to extend the deadline for filing an amended complaint to October 3, 2016 and to extend the deadline for any responsive pleading to October 31, 2016. ECF 79.

On October 3, 2016, Plaintiff moved this Court for leave to file an amended complaint, and attached a proposed amended complaint to his motion. ECF 81. In the proposed amended complaint, Plaintiff has substituted United States as defendant for Department of Treasury and Mr. Lew and amended certain factual allegations of the complaint. ECF 81-1. Moreover, Plaintiff has added "Quiet Title" as a new cause of action. *Id.* Defendant Attorney General Kamala Harris does not oppose the motion for leave but reserves the right to challenge the complaint once it is served. ECF 83. Defendant Governor Edmund Brown and Defendant Michael Cohen oppose the motion on the ground that the amendment is futile and does not cure the deficiencies of the prior complaint. ECF 85. Defendant Betty Yee also opposes the motion and contends that the amendment does not adequately allege any cause of action, including the "Quiet Title" claim.

1   ECF 86.  Like other Defendants, United States also filed an opposition, claiming that the
2   amendment would be futile.  ECF 84.  Separately from their motion to dismiss, Defendants Brown
3   and Cohen also filed an ex parte application asking the Court to set their motion to dismiss hearing
4   on January, 26, 2017, the date Plaintiff's motion for leave is supposed to be heard.  ECF 88.

5   The Court first considers Plaintiff's substitution of Department of Treasury and Mr. Lew
6   with United States as a defendant and the various new factual allegations supporting claims of
7   gross negligence, willful misconduct, fifth amendment retaliation, fourteenth amendment equal
8   protection violation, and 42 U.S.C. section 1983 violation.  On the face, the substitution with a
9   new defendant and the factual allegations appear to be within the scope of amendment allowed by
10  the Court's prior order granting the motions to dismiss.  The Court acknowledges that Defendants
11  opposing the motion have argued that the amended claims remain deficient.  However, the Court
12  at this time does not analyze whether the claims are adequately pled and finds the issues more
13  suited for a future motion to dismiss.  Accordingly, the Court GRANTS the motion for leave as to
14  the substitution of the United States as a defendant and to the various factual allegations.

15  The Court next turns to whether to grant Plaintiff leave to add "Quiet Title" as a new cause
16  of action.  Deciding whether to grant leave to amend is "within the discretion of the District
17  Court."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, "'leave shall be freely given when
18  justice so requires.'"  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.
19  2003).  The Court considers the following factors in deciding whether to grant leave to amend:
20  undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure
21  deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue
22  of allowance of the amendment, futility of amendment.  *Id.* at 1052 (*quoting Foman*, 371 U.S. at
23  182).  "[C]onsideration of prejudice to the opposing party . . . carries the greatest weight."
24  *Eminence*, 316 F.3d at 1052.

25  The Court first considers any undue prejudice to Defendants, as that "carries the greatest
26  weight."  *Id.*  While responding to pleadings is the burden of every defendant, this amendment is
27  only the first amendment in this case.  Given that the case is still at the pleading stage, and no
28  discovery cut-off and trial dates have been set, allowing further amendment would not unduly

1  prejudice Defendants. The Court also notes that none of the defendants opposing this motion
2  argue that they would suffer undue prejudice. Accordingly, the Court finds that there would not
3  be undue prejudice if the motion were to be granted.

4  As for undue delay, this factor weighs in favor of granting leave. Plaintiff and Defendants
5  stipulated to a deadline for Plaintiff to file an amended complaint and Plaintiff then timely filed
6  this motion by the deadline. As such, the Court finds, and Defendants do not dispute in their
7  oppositions, that there is no undue delay.

8  Similarly, the Court finds no bad faith or dilatory motive on the part of Plaintiff in moving
9  for leave to amend. The Court had already granted leave to amend in its prior order with specific
10 instructions and Plaintiff then filed this motion for leave to amend on the deadline agreed upon by
11 all parties. Plaintiff appears to have complied with this Court's order and the parties' stipulation.
12 Nothing suggests that Plaintiff acted in bad faith.

13 The next factor – as to whether there have been repeated failures to cure deficiencies by
14 amendments previously allowed – does not apply here. As noted above, this is Plaintiff's first
15 amendment in the case so there have not been repeated failures to cure the deficiencies.

16 Turning to the last factor – futility of the amendment, the Court finds it premature to
17 determine at this juncture whether the "Quiet Title" cause of action would be futile. California
18 Code of Civil Procedure section 761.020 requires plaintiffs bringing quiet title claims to show,
19 *inter alia*, the adverse claims to the plaintiffs' title, and that they "are the rightful owners of the
20 property, i.e., that they have satisfied their obligations under the Deed of Trust." *Kelley v.*
21 *Mortgage Elec. Registration Sys.*, 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009). The Court is
22 uncertain whether this cause of action has been adequately pled but refrains from analyzing the
23 sufficiency of the pleading on this motion for leave to amend.

24 Although the factor pertaining to futility of the amendment may weigh slightly against this
25 motion, all other *Foman* factors weight in favor of granting Plaintiff's leave to amend the
26 complaint. Accordingly, the Court GRANTS Plaintiff's motion for leave to amend and
27 VACATES the hearing on this motion for leave to amend currently scheduled on January 26,
28 2017. The Court further directs Plaintiff to file his amended complaint, as well as any exhibits, **on**

3

**or before November 3, 2016**.  Because the hearing on this motion for leave is vacated, the Court GRANTS the ex parte application of Defendants Brown and Cohen, asking the Court to set their motion to dismiss hearing on January 26, 2017.

**IT IS SO ORDERED.**

Dated: October 24, 2016

_____
BETH LABSON FREEMAN
United States District Judge