# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL E BOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF TREASURY, et al.,<br><br>    Defendants. | Case No. 15-cv-03494-BLF<br><br>**ORDER (1) DENYING REQUEST FOR NOTICE OF LIS PENDENS AND (2) GRANTING MOTION FOR LEAVE TO FILE OPPOSITION TO MOTION TO DISMISS** |

Based on Plaintiff Michael E. Boyd's original complaint filed on July 29, 2015, this case stems from Boyd's default of loans secured by mortgages on two properties. Compl. ¶¶ 9-10. On August 15, 2016, the Court granted Defendants' motions to dismiss the complaint with leave to amend. Subsequent to the order granting the motions to dismiss, Boyd filed a first amended complaint, asserting against United States Department of Treasury and California State officials contractual claims based on "Land Patents," tort claims, 42 U.S.C. section 1983 claims, and violations of federal constitutional rights. First Am. Compl. ("FAC"), ECF 93. Along with this FAC, Boyd also requested for notice of lis pendens. ECF 82. Defendants Brown and Cohen have moved to dismiss the FAC. ECF 87.

## I. REQUEST FOR NOTICE OF LIS PENDENS

A lis pendens provides constructive notice of the litigation, such that any judgment later obtained in the action relates back to the filing of the lis pendens. *Slintak v. Buckeye Ret. Co., L.L.C.*, 139 Cal. App. 4th 575, 586 (2006). "A lis pendens clouds title until the litigation is resolved or the lis pendens is expunged, and any party acquiring an interest in the property after the action is filed will be bound by the judgment." *Id.* at 586-87. California defines "notice of pendency of action" or "notice" to be a notice of the pendency of an action in which a real

property claim is alleged. Cal. Civ. Proc. Code § 405.2. A "real property claim" means the cause or causes of action in a pleading which would, if meritorious, affect (a) title to, or the right to possession of, specific real property or (b) the use of an easement identified in the pleading, other than an easement obtained pursuant to statute by any regulated public utility. Cal. Civ. Proc. Code § 405.4. Lis pendens requires that a claimant establishes by a preponderance of the evidence the probable validity of the real property claim. *Lundy v. Selene Fin., LP*, No. 15-CV-05676-JST, 2016 WL 1059423, at *3 (N.D. Cal. Mar. 17, 2016); *Kirkeby v. Superior Court of Orange Cty.*, 33 Cal. 4th 642, 647 (2004); *see also* Cal. Code Civ. Proc. § 405.3 (defining "probable validity" to mean that "it is more likely than not that the claimant will obtain a judgment against the defendant on the claim").

The Court does not find in the FAC any facts or legal theories supporting a "real property claim" with "probable validity" to warrant a notice of lis pendens. First, none of named defendants own the private properties at issue or have any authority to affect title to, or the right to possession of the properties. As such, even if Boyd's claims were to succeed, Defendants cannot "affect the title" or "right to possession" of the properties. Cal. Civ. Proc. Code § 405.4. The complaint thus lacks a "real property claim" in accordance with California law. *Id.* Second, the allegations relating to "Land Patents" or to federal statutory and constitutional violations are also irrelevant to the issue of who is entitled to possession of the Santa Cruz properties at issue in this case. *See, e.g.*, *Sui v. Landi*, 163 Cal. App. 3d 383, 386 (Ct. App. 1985). It is thus unclear how Boyd could establish by a preponderance of the evidence the probable validity of a real property claim, if any.

Boyd's FAC also asserts a quiet title claim but this claim similarly lacks probable validity. FAC ¶¶ 59-78. A quiet title action must include: (1) a description of the property in question; (2) the basis for plaintiff's title; and (3) the adverse claims to plaintiff's title. Cal. Civ. Proc. Code § 761.020. The FAC is deficient at least because it states no adverse claims to Boyd's title. In addition, with respect to Boyd's default of loans, it is a settled rule that an action to set aside a trustee's sale should be accompanied by an offer to pay the full amount of the debt for which the property was security. *Lundy v. Selene Fin., LP*, No. 15-CV-05676-JST, 2016 WL 1059423, at *6

(N.D. Cal. Mar. 17, 2016) (citing *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578-79 (1984)). Without payment of debt, Boyd has not alleged proper tender with respect to these properties. Accordingly, the claim of "quiet title" as pled lacks "probable validity."

Given that Boyd's first amended complaint fails to contain a "real property claim" with "probable validity," the Court DENIES the request for notice of lis pendens.

## II. MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

On November 7, 2016, Plaintiff Boyd also moved for leave to file his opposition to Defendants' motion to dismiss. ECF 95. Defendants Brown and Cohen moved to dismiss on October 19, 2016 and Boyd's opposition was scheduled to be filed on November 2, 2016. On November 4, 2016, Boyd reached out to Defendants by email to request a stipulated extension. ECF 95. However, Boyd was not able to obtain a stipulation before filing this motion for leave. *Id.* ¶¶ 3-5.

Boyd has filed his proposed opposition along with this request for leave to file it beyond the deadline. The five-day extension requested by Boyd is not excessive and will not affect the hearing date of the motion to dismiss scheduled for February 16, 2017. Accordingly, the Court GRANTS Boyd's motion for leave to file his opposition. The Clerk is directed to file Boyd's document at ECF 95 as an opposition to Defendants Brown and Cohen's motion to dismiss, ECF 87. Defendants' reply in support of their motion to dismiss will be due one week from the date of this order.

**IT IS SO ORDERED.**

Dated: November 9, 2016

_____
BETH LABSON FREEMAN
United States District Judge